IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas Harley, ) | |
| ) | Civil Action No. 3:02-1341-TLW |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Charles Condon, Attorney General of the ) | **REPORT AND RECOMMENDATION** |
| State of SC; and State of SC, ) | |
| ) | |
| Respondents. ) | |
| ) | |

Petitioner, Thomas Harley ("Harley"), is an inmate at the South Carolina Department of Corrections serving a sentence of life imprisonment for murder. He was convicted in 1989. The conviction was affirmed by the South Carolina Supreme Court. Harley's two applications for post-conviction relief were denied. His petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was dismissed by this Court. See Order of the Honorable Terry L. Wooten, United States District Judge, filed November 6, 2002. The dismissal was affirmed by the Fourth Circuit Court of Appeals. See Harley v. Condon, Op. No. 02-7848 (4th Cir. 2003) (unpublished).

On November 6, 2007, Harley filed a "Petition for a Extraordinary Writ" bearing the above docket number requesting "Permission to Petition for Extraordinary Writ due to a Miscarriage of Injustice being Convicted and Sentence and Rec'ed a Erroneously Imposed Sentence of Punishment." This "Motion" was referred to the undersigned on August 8, 2008.

The undersigned construes Harley's motion as an attempt to seek permission to file a successive habeas petition. As such, he has filed in the wrong court.

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") which became effective on April 24, 1996, review of successive habeas petitions was governed by

the abuse of the writ doctrine. McCleskey v. Zant, 499 U.S. 467, 470 (1991). The AEDPA established a raised "threshold that a prisoner must cross to obtain review of claims presented in a successive application for collateral review." In Re: Williams, 364 F.3d 235, 238 (4th Cir. 2004) citing United States v. Winestock, 340 F.3d 200, 204 (4th Cir.), cert. denied, 540 U.S. 995 (2003). Pursuant to the AEDPA, a prisoner may not file a second or successive § 2254 petition or § 2255 motion to vacate his sentence prior to seeking and receiving authorization to do so from the appropriate court of appeals. In Re: Vial, 115 F.3d 1192 (4th Cir. 1997). See also, 28 U.S.C. §§ 2244(b) and 2255. The standard for the circuit courts of appeal for authorization of a second or successive petition are set forth in 28 U.S.C. § 2244(b)(2). The AEDPA essentially established a new standard and shifted the screening process from the district court to the circuit court. In Re: Williams, 364 F.3d at 238. Absent such authorization from the circuit court, the district court does not have jurisdiction and should dismiss the second or successive petitions without prejudice. United States v. Winestock, 340 F.3d at 205.

It is recommended that Harley's motion be denied and that he be instructed that if he wishes to file a second habeas action, he should seek authorization from the Fourth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

August 12, 2008
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).